IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:12-CR-00032-RLV-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TRAVIS WHITE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Travis White's Notice of Appeal and Motion to Revoke the Magistrate Judge's Order denying bond. (Doc. 8.) Defendant White asserts that the Magistrate Judge's finding that Defendant "presents a danger to the community" was made in error.

## I. DISCUSSION

Faced with charges of using or inducing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a); knowingly transporting in interstate or foreign commerce visual depictions, the production of which involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of such conduct, in violation of 18 U.S.C. § 2252(a)(1); and knowingly possessing computer files, which contained visual depictions that had been transported in interstate commerce, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were and are of such conduct, in violation of 18 U.S.C. § 2252(a)(4), Defendant White entered a plea of "not guilty."

1

Under section 3142(e)(1), if, after the detention hearing, it is found that no condition or combination of conditions will reasonably assure the appearance of the accused as required and the safety of any other person and the community, the accused shall be detained before trial. Where there is probable cause to believe that the accused committed "an offense involving a minor victim under [sections 2251 or 2252(a)(1)]," it shall be presumed "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Additionally,

> the judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant notes his age; stable and local family ties; lifelong residence in the area of Conover, North Carolina, with only limited exception; employment history; lack of criminal history; cooperation with law enforcement; the departure of all young relatives from his place of residence; the lack of evidence that he ever acted improperly with respect to these young relatives; and familial support in the instant case. (Doc. 8 at 1–2.)

At the detention hearing, the Government argued that bond be denied. The Magistrate

Judge, citing the circumstances of the alleged offenses and the presumption arising under section 3142(e)(3), specifically found by clear and convincing evidence as follows:

> . . . Defendant presents a danger to the community. Government has identified 6–7 year old child depicted in some of these images as someone who has stayed in Defendant's apartment. Defendant discusses sexual relationship with this child in on line chats. Defendant is communicating and sharing child pornography (obtained on line—not produced by him) with registered sex offenders. Some of this material depicts violent sexual acts with infants.

(Doc. 7 at 1.) Consequently, Defendant was ordered detained.

Upon a de novo review of the detention order, *United States v. Williams*, 753 F.2d 329, 331 (4th Cir. 1985), the Court finds Magistrate Judge Cayer's decision to be sound. Defendant rightly argues that section 3142(e)(3)'s presumption "shifts the burden of production not persuasion . . . ." (Doc. 8 at 3) (quoting *United States v. Jessup*, 757 F.2d 378, 389 (1st Cir. 1985) (Breyer, C.J.)). However, this presumption "do[es] not disappear when rebutted, like a 'bursting bubble' presumption . . . . Instead it remains in the case as an evidentiary finding mitigating against release, to be weighted along with other evidence relevant to factors listed in § 3142(g)." *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (quotation omitted).

Therefore, although Defendant argues that no actual sexual contact took place between Defendant and any child (Doc. 8 at 2 n.1), an argument which has not as yet been contested by the Government, and in spite of Defendant's various characteristics and circumstances listed above, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Revoke Detention Order

(Doc. 8) be **DENIED** and that the Magistrate Judge's Order of Detention (Doc. 7) be **AFFIRMED**.

Signed: October 5, 2012

Richard L. Voorhees
United States District Judge